NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC J. QUIGLEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, OFFICE OF THE ATTORNEY GENERAL,<br><br>　　　　　　　　Defendant. | Case Number C 06-00771 JF<br><br>ORDER[1] (1) DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[Docket Nos. 2 and 3] |

　　On February 3, 2006, Plaintiff Eric J. Quigley ("Quigley") filed a complaint pursuant to Title VII of the Civil Rights Act of 1964 alleging employment discrimination. He claims that "[he] was treated less favorably because [he] was not closely associated with the group of people at that [unspecified] Division whom are largely all from that [unspecified] area and who share a culture and other similar social characteristics that comes from that particular place." He alleges that he was "discriminated against because [he] opposed prohibited practices in matters of equal employment opportunity," and that the case is "based on the retaliatory and discriminatory

---

[1] This disposition is not designated for publication and may not be cited.

reasons based upon [his] age, race, color, national origin, and OSHA and Labor Relations matters." It is not clear whether Quigley alleges that he was constructively discharged or that his employment was terminated by his employer. He states both that "this employer has unlawfully discharged [his] employ" and that "[t]he harassment of restrictive workplace policies and on going [sic] efforts of constructive discharge gravitate to an unlawful dismissal."

On the same date, Quigley filed an application for leave to proceed *in forma pauperis* and a request for appointment of counsel pursuant to 442 U.S.C. § 2000e-5(f)(1)(B). Quigley is not currently employed. When he was last employed, ending in October, 2004, he earned a gross monthly salary of $5,099 (net $3,325.96). In his application to proceed *in forma pauperis*, he stated that he had not received any money from any government source in the preceding twelve months. However, in his request for appointment of counsel declaration he stated that he had received $5,330.00 of unemployment insurance during that same period. Quigley is married with no minor children or other dependents. His spouse is employed and earns a gross monthly salary of $2,860.00 (net $1,999.40). Quigley owns two automobiles – a 1955 Dodge pickup, with a value of $1,500,[2] and a 1990 or 1999[3] Honda CRX, with a value of $2,000. Quigley has two bank accounts, one with a balance of $2.00 and another with a balance of $193.06. He has $2,046.52 of credit card debt.

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Based upon the information provided to the Court, it appears that Plaintiff can pay the filing fee. Accordingly, Quigley's request to proceed *in forma pauperis* is DENIED. If he does not pay the filing fee within sixty (60) days of receiving this order, the Court will dismiss the action without prejudice.

---

[2] Quigley did not disclose this asset in his application to proceed *in forma pauperis*.

[3] In his application to proceed *in forma pauperis*, Quigley stated that the year of his Honda CRX is 1999, while he stated in his request for appointment of counsel declaration that it is 1990.

2

Case No. C 06-00771 JF
ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)

Counsel may be appointed in Title VII cases "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5. In determining whether to appoint counsel, the Court must assess three factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claims have merit. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Quigley submitted a list of forty-six attorneys who have declined to represent him in the instant action, demonstrating that he has made efforts to secure counsel. However, the Court is unable to judge the merits of Quigley's claims as they are presently stated. While it is possible that his claims may have merit, the vague and general nature of his allegations does not support the appointment of counsel. Accordingly, Quigley's application for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED:   March 20, 2006

                                              JEREMY FOGEL
                                              United States District Judge

Case No. C 06-00771 JF
ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)

1  This Order has been served upon the following persons:

2  Eric J. Quigley
   Post Office Box 8173
3  Salinas, CA 93912

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 06-00771 JF
ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)