**E-Filed 9/21/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC J. QUIGLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, OFFICE OF THE ATTORNEY GENERAL,<br><br>            Defendant. | Case Number C06-00771 JF<br><br>ORDER[1] DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[re: docket no. 6] |

      Plaintiff Eric J. Quigley ("Quigley") filed a complaint ("Complaint") pursuant to Title VII of the Civil Rights Act of 1964 alleging employment discrimination on February 3, 2006. On the same date, Quigley filed an application for leave to proceed *in forma pauperis* and a request for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B). The Court denied Quigley's application for leave to proceed *in forma pauperis* and his request for appointment of counsel on March 20, 2006 ("March 20th Order). As the Court wrote in that order, counsel may be appointed in Title VII cases "in such circumstances as the court may deem just." 42 U.S.C. §2000e-5. In determining whether to appoint Counsel, the Court must assess three factors: (1)

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C06-00771 JF
ORDER DENYING MOTION TO APPOINT COUNSEL
(JFLC1)

the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claims have merit. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Quigley submitted a list of forty-six attorneys who have declined to represent him in the instant action, demonstrating that he had made efforts to secure counsel. The Court concluded, however, that it could not judge the merits of Quigley's claims as they were stated at that time: "While it is possible that [Quigley's] claims have merit, the vague and general allegations do not support the appointment of counsel." March 20th Order 3. The Court consequently denied Quigley's application for appointment of counsel.

Quigley filed a second application for appointment of counsel with a supporting declaration on March 30, 2006. The supporting declaration provides Quigley's detailed account of a series of disputes that he had with his employer and the steps that he took to resolve these disputes. The supporting declaration also describes the negative impact that the loss of employment has had on Quigley. The Court appreciates the additional detail that Quigley has provided, but must determine merit on the basis of allegations and evidence of the type of forbidden discrimination which forms the basis of a Title VII action.

Title VII makes it illegal for an employer to discriminate against employees or applicants on the basis of an individual's "race, color, religion, sex, or national origin." 42 U.S.C. 2000(e)-(2)(a)(1). A Title VII claim without a showing of such discrimination does not have merit. A court will assess the merit of a Title VII claim in reviewing an application for the appointment of counsel. *Bradshaw,* 662 F.2d at 1318. The Court cannot assess a claim's merit without detail of the discrimination which forms the basis of the claim. As the Court noted in its March 20th Order, vague and general allegations do not establish a claim's merit. March 20th Order 3. The Court therefore reviews Quigley's supporting declaration for detail of the discrimination required for a successful claim. To this end, Quigley writes:

> The plaintiff considers that this is a mixed-motive case and that this case is based on retaliatory and discriminatory reasons based upon my age, race, color, national origin, and OSHA and Labor Relations matters. That the same set of facts may be stated in claim of overlapping bases of prohibited discrimination. That this employer has unlawfully discharged his employ based on these reasons and not based upon fair or progressive discipline decisions that are typically based on either employee misconduct or unsatisfactory work performance.

2

1   Declaration 25-26.[2]  Quigley refers here to race, color, and national origin, all of which are
2   forbidden bases of discrimination under Title VII.  Quigley does not provide additional detail on
3   the nature of this discrimination or how it contributed to his discharge, however.  While it is
4   possible that his claims may have merit, the Court sees nothing in the record that would allow it
5   to make such a determination.

6        The Court must also assess Quigley's financial resources when determining whether to
7   appoint counsel.  *Bradshaw,* 662 F.2d at 1318.  The Court considered Quigley's financial
8   resources in evaluating his application to proceed *in forma pauperis*, March 20th Order 2, but did
9   not evaluate them in assessing the application for appointment of counsel.  The Court now
10  evaluates Quigley's financial resources and finds that they argue against the appointment of
11  counsel.  Quigley is unemployed and has limited assets, Complaint 3, but his wife continues to
12  earn $2,860/month gross income.  Complaint 2.

13       The Court therefore concludes that Quigley has demonstrated his efforts to secure
14  counsel, but that he has not demonstrated the merit of his claim or his lack of financial resources
15  with which to retain counsel.  Accordingly, Quigley's application for appointment of counsel is
16  DENIED.

---

[2]  Quigley previously wrote:

> I was treated less favorably because I was not closely associated with the group of people at that Division whom are largely all from that area and who share a culture and other similar social characteristics that comes from that particular place.  It could be shown that may be defined as a smaller ethnic group, of people sharing a common culture, ancestry, and/or similar social characteristics.  This group discriminates against anyone who does not belong to or is closely associated with that particular ethnic group.  The harassment of restrictive workplace policies and on going efforts of constructive discharge gravitate to an unlawful dismissal.

Complaint 2.

3

Case No. C06-00771 JF
ORDER DENYING MOTION TO APPOINT COUNSEL
(JFLC1)

1       IT IS SO ORDERED.

3 DATED: September 21, 2006.

                                                JEREMY FOGEL

                                                United States District Judge

4

1  This Order has been served upon the following persons:

2  Eric J. Quigley
Post Office Box 8173
3  Salinas, CA 93912

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C06-00771 JF
ORDER DENYING MOTION TO APPOINT COUNSEL
(JFLC1)