\*\*Original Filed 12/19/06\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIC J. QUIGLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>STATE OF CALIFORNIA, OFFICE OF THE ATTORNEY GENERAL,<br><br>                    Defendant. | Case Number C 06-00771 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR REFERRAL TO FEDERAL PRO BONO PANEL<br><br>[re: docket no. 19, 23] |

**I. BACKGROUND**

On February 3, 2006, Plaintiff Eric J. Quigley filed a complaint ("complaint") pursuant to Title VII of the Civil Rights Act of 1964 alleging employment discrimination. Plaintiff acts pro se. The complaint named the State of California, Office of the Attorney General ("Attorney General"), as the only defendant. The complaint indicates that the action is for termination of employment, failure to promote, and for other acts described by Plaintiff:

> I was treated less favorably because I was not closely associated with the group of people at that Division whom are largely all from that area and who share a culture and other similar social characteristics that comes from that particular

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-00771 JF
ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR REFERRAL TO FEDERAL PRO BONO PANEL
(JFLC1)

> place. It could be shown that may be defined as a smaller ethnic group, of people sharing a common culture, ancestry, and/or other similar social characteristics. This group discriminates against anyone who does not belong to or is closely associated with that particular ethnic group. The harassment of restrictive workplace policies and ongoing efforts of constructive discharge gravitate to an unlawful dismissal.

Complaint ¶ 4. Plaintiff alleges that the conduct was discriminatory on the bases of race or color, and national origin. *Id.* ¶ 5. Plaintiff describes the basic facts surrounding his claim as follows:

> I was discriminated against because I opposed prohibited practices in matters of equal employment opportunity. This is a mixed-motives case based on the retaliatory and discriminatory reasons based upon my age, race, color, and OSHA and Labor Relations matters. That the same set of facts may be stated in claim of overlapping bases of prohibited discrimination. That this employer has unlawfully discharged my employ based on these reasons.

*Id.* ¶ 6. Plaintiff does not identify his employer in the complaint.

Also on February 3, 2006, Plaintiff filed an application for leave to proceed *in forma pauperis* and a request for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B). The Court denied Plaintiff's application for leave to proceed *in forma pauperis* and his request for appointment of counsel on March 20, 2006. Plaintiff filed a second application for appointment of counsel with a supporting declaration on March 30, 2006. The supporting declaration included a substantial number of factual allegations and identified the California Department of Water Resources ("CDWR") as Plaintiff's employer at the time of the alleged discriminatory actions. On September 21, 2006, the Court denied the second request for appointment of counsel and the second application to proceed *in forma pauperis*.[2]

On July 12, 2006, the Attorney General answered the complaint, asserting numerous affirmative defenses. On September 1, 2006, the Court held an initial case management conference. The Court indicated that service should be perfected by October 2, 2006.

On September 19, 2006, Plaintiff filed a document entitled "Complaint Amendment - Defendants'" ("amendment") that added defendants California Department of Industrial

---

[2] The Court noted in its September 21, 2006 order that while this declaration adds great detail regarding the circumstances of Plaintiff's employment, it does not describe the alleged discriminatory conduct in any more detail than did the original complaint.

2

Relations ("CDIR"), CDWR, California State Personnel Board ("CSPB"), Arnold Schwarzenegger ("the Governor"), and Stationary Engineer Local 39 International Union of Operating Engineers ("Local 39"). The amendment does not add to the factual allegations of the complaint or name Plaintiff's employer.

On October 16, 2006, CDIR moved to dismiss the complaint. CDIR argues that: (1) the addition of party defendants in the amendment was improper; (2) service of the summons and complaint on CDIR was improper; (3) the amendment should be stricken under Rule 12(f) because it was filed without leave of court; and (4) Plaintiff fails to state a claim upon which relief may be granted. Plaintiff opposes the motion. The Court heard oral argument on December 15, 2006.[3]

## II. LEGAL STANDARD

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

---

[3] On December 8, 2006, Plaintiff filed a request for referral to the Federal Pro Bono Project. Referral to the Federal Pro Bono panel is the relief provided when the Court grants a motion for appointment of counsel. Accordingly, the Court considers the request as equivalent to the earlier requests for appointment of counsel. Plaintiff has not addressed the issues that the Court identified in issuing its March 20, 2006, and September 19, 2006, orders. Accordingly, the Court will deny the request. At the same time, the Court strongly encourages Plaintiff to seek a free legal consultation through the Santa Clara County Bar Association.

3

Case No. C 06-00771 JF
ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR REFERRAL TO FEDERAL PRO BONO PANEL
(JFLC1)

**III. DISCUSSION**

1.  Failure to State a Claim

CDIR argues that the Court should dismiss the complaint for failure to state a claim upon which relief may be granted. CDIR contends that Plaintiff does not allege that he was ever employed by CDIR or that he was discriminated against by CDIR on a prohibited basis, and that the EEOC did not issue a Right-to-Sue-Notice permitting him to sue CDIR for a violation of Title VII.

In the amendment, Plaintiff "respectfully submit[s] [] defendants as those that [he] now may have a claim against," including "The California Department of Industrial Relations for both it's [sic] Division of Labor Standards Enforcement and Division of Occupational Safety and Health in their failures to investigate and act upon my complaints alleging code violation and discriminatory retaliation in the workplace on the basis of various California codified statute sections." Amendment 2. Plaintiff makes no other factual allegations against CDIR. Plaintiff does not respond in his opposition to CDIR's arguments regarding the failure to state a claim.

The Court concludes that Plaintiff fails to state a claim against CDIR for violation of Title VII. Plaintiff stated at oral argument that he brings suit against CDIR because it allegedly did not pursue his complaints of discrimination and enforce his rights as required by law. However, Plaintiff has failed to state allegations against CDIR with a sufficient degree of specificity for the Court to determine whether he may proceed against CDIR on a Title VII claim or on any other cause of action. Conclusory allegations are insufficient to state a claim, even for a pro se plaintiff. Accordingly, the Court will dismiss the complaint against CDIR.

The Court also must determine whether it should grant Plaintiff leave to amend his complaint against CDIR. The Court is concerned that, ten months into the litigation, it is still unclear what prohibited discriminatory action Plaintiff alleges.[4] The core of the complaint appears to be that CDWR constructively discharged Plaintiff for prohibited, discriminatory

---

[4] The Court noted its concerns regarding the vagueness of the allegations of discriminatory conduct in its two orders denying appointment of counsel.

4

reasons. It appears that any claim against CDIR necessarily depends on this alleged violation of Title VII. Accordingly, the Court concludes that it should not allow any amendment of the complaint as it pertains to CDIR until CDWR has responded to the complaint. Accordingly, the Court will dismiss the complaint against CDIR without prejudice to a future motion for leave to amend.

        a.        Distinction Among Defendants and Procedural Posture Resulting From Dismissal of CDIR

The Court is concerned by Plaintiff's apparent confusion as to the need to identify the specific legal harm allegedly caused by the conduct of each state agency he wishes to sue. Plaintiff repeatedly stated at oral argument that he is guided by the theory that he was employed by the State of California and that the State as a whole should be held responsible for any legal harms he suffered. While the Court understands Plaintiff's argument, it nonetheless must analyze the strength of the case against CDIR on the basis of specific legal claims made against it and the strength of facts alleged in support of these claims. The Court also must analyze any similar challenges made by other individual defendants on the basis of the specific legal claims against them.

Plaintiff must consider his claims against each individual defendant as he proceeds. The procedural posture of this case has become more complicated over time, and Plaintiff must recognize the different procedural postures of the various defendants. CDWR, Plaintiff's employer, whose alleged actions provide the impetus for the complaint, remains a defendant. CDWR has not made an appearance, and CDIR suggests that CDWR may not have been served properly. As the Court noted at oral argument, one option available to a plaintiff if a properly-served defendant does not respond is to move for entry of default judgment. The Attorney General also remains a defendant and has answered the complaint. CSPB, the Governor, and Local 39 are in the same position as CDWR: they have not made an appearance and may not have been served properly.

As a result of this order, CDIR no longer is a defendant in this case. If Plaintiff wishes to

5

Case No. C 06-00771 JF
ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR REFERRAL TO FEDERAL PRO BONO PANEL
(JFLC1)

1  amend his pleading to bring CDIR back into the case, he must file a motion for leave to amend
2  explaining why CDIR should be included in the case.  However, the Court will not entertain such
3  a motion until CDWR has responded to the complaint or the Court has entered default judgment
4  against it.
5  2.	Addition of Defendants, Adequacy of Service, and Motion to Strike
6  	The Court need not consider the other grounds for CDIR's motion to dismiss.  The Court
7  expresses no opinion as to the addition of defendants, the adequacy of service, or whether it
8  should grant the motion to strike.

### IV. ORDER

	Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED without prejudice to a motion for leave to amend.

DATED: December 19, 2006.

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

2 | Austin Jacobs Cattermole          austin.cattermole@doj.ca.gov, laurie.gleason@doj.ca.gov

3 | Benjamin Cintz          bcintz@dir.ca.gov

4 | Notice will be delivered by other means to:

5 | Eric J. Quigley
Post Office Box 8173
6 | Salinas, CA 93912

7

Case No. C 06-00771 JF
ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR REFERRAL TO FEDERAL PRO BONO PANEL
(JFLC1)